**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000605
25-SEP-2013
08:40 AM**

NO. CAAP-11-0000605

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
EICHI OKI, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTI-11-047379)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Reifurth and Ginoza, JJ.)

Defendant-Appellant Eichi Oki (Oki) appeals from the "Notice of Entry of Judgment and/or Order and Plea/Judgment," filed on June 16, 2011 in the District Court of the First Circuit[1] (district court). The district court convicted Oki of noncompliance with speed limit (speeding), in violation of Hawaii Revised Statutes (HRS) § 291C-102(a)(1) (2007 Repl.),[2] and sentenced him to pay an $80 fine and various fees.

On appeal, Oki presents the following points of error:

(1) The district court erred and deprived him of due process when it denied his request for additional time to present

---

[1] The Honorable Linda K.C. Luke presided.

[2] HRS § 291C-102(a)(1) provides, "A person violates this section if the person drives . . . [a] motor vehicle at a speed greater than the maximum speed limit other than provided in section 291C-105[.]"

his defense.

(2) The district court erred in entering judgment against him and denying his "Motion for Reconsideration or New Trial" (Motion for Reconsideration), based on insufficient evidence that Officer Lee recorded his speed with his "LTI 20-20" laser gun (laser gun). Related to this point of error is Oki's contention that in the court's July 26, 2011 Findings of Fact and Conclusions of Law, findings of fact (FOFs) 5, 7, 8, and 9 are clearly erroneous, and conclusions of law (COLs) 1 and 2 are wrong.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Oki's points of error as follows.

(1) The district court did not abuse its discretion or deprive Oki of due process in denying his motion to continue. Oki, an attorney, was present during the direct examination of Honolulu Police Officer Lee and could have objected on lack-of-foundation grounds to the court's admission of the officer's testimony regarding the speed reading, but failed to do so. Oki had over eighty-five minutes to cross-examine Plaintiff-Appellee State of Hawai'i's (State) sole witness and to present his case. Pursuant to Hawaii Rules of Evidence Rule 611, the court had the authority to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to . . . avoid needless consumption of time[.]" In his reply brief, Oki raises for the first time the argument that he was not given complete information because the citation he received did not tell him the speed that he was accused of traveling. However, the citation he received indicated that he was going 16 mph over the speed limit. Moreover, at the beginning of trial on June 16, 2011, the State orally charged Oki, stating that Oki drove his vehicle 51 mph in a 35 mph zone. Thus, Oki was properly informed of the charge against him prior to trial.

(2) The district court did not err when it convicted Oki of speeding and denied his Motion for Reconsideration, where the evidence was sufficient to show that Officer Lee recorded Oki's speed with the laser gun. The officer testified that he aimed the laser gun at Oki's license plate from 375 feet away and obtained a reading of fifty-one miles per hour. The court credited Officer Lee's testimony, which was within its discretion. See State v. Moleta, 112 Hawai'i 233, 241, 145 P.3d 776, 784 (App. 2006); State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999). FOFs 5, 8, and 9 are not clearly erroneous, and COLs 1 and 2 are not wrong. Although Oki claims that FOF 7 is clearly erroneous, he presents no discernible argument on this point and it is deemed waived.[3] See Hawai'i Rules of Appellate Procedure Rule 28(b)(7).

Therefore,

IT IS HEREBY ORDERED that the "Notice of Entry of Judgment and/or Order and Plea/Judgment," filed on June 16, 2011 in the District Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, September 25, 2013.

On the briefs:

Wesley W. Ichida
and
Ann C. Kemp
(Gary G. Grimmer & Associates)
for Defendant-Appellant.

Brian R. Vincent
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[3] Even if we reached the issue and found FOF 7 clearly erroneous, it would be harmless error. The district court independently found that the posted speed limit in the subject area was 35 mph, for which there was sufficient evidence in the record.